IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE COMPANY f/k/a FIRST COLONY LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>MARGARET S. MCDONALD and DAVID T. MCDONALD,<br><br>    Defendants. | C.A. No. 4:20-cv-00422 |

## COMPLAINT IN INTERPLEADER

Plaintiff Genworth Life and Annuity Insurance Company ("Genworth") f/k/a First Colony Life Insurance Company complains of Defendants Margaret S. McDonald ("Margaret") and David T. McDonald ("David") and states:

### PARTIES

1.  **Genworth.**  Genworth is a Virginia corporation with its principal office and place of business located in Lynchburg, Virginia.

2.  **Margaret.**  Margaret is, upon information and belief, a citizen of Texas who may be served at 8019 Oak Moss Drive, Spring, Texas 77379, or wherever she may be found.

3.  **David.**  David is, upon information and belief, a citizen of Texas who may be served at 21175 State Highway 249 PMB #372, Houston, Texas 77070-1655, or wherever he may be found.

### JURISDICTION AND VENUE

4.  **Jurisdiction.**  The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 2201. This is an interpleader action to deposit life insurance proceeds into the Court's registry and

obtain a declaration of the party or parties entitled to receive those proceeds. Genworth is a citizen of Virginia, Margaret and David (collectively, "Defendants") are citizens of Texas, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. **Venue.** Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b), as Defendants reside in this district.

## OPERATIVE FACTS

6. **The Policy.** In early 2000, Cynthia T. McDonald (the "Insured") applied to Genworth's predecessor-in-interest, First Colony Life Insurance Company ("First Colony"), for $1,000,000.00 in insurance coverage on her life.[1] On the application, the Insured designated Margaret, David, and Amy L. McDonald, who were her children, as the primary beneficiaries and Spencer J. McDonald, Aria A. McDonald, and Mason R. McDonald, who were her grandchildren, as the contingent beneficiaries. Genworth subsequently issued and delivered its Term Life Policy no. 7,081,098 (the "Policy") to the Insured.

7. **The 2012 ownership and beneficiary changes.** In January 2012, Genworth received the Ownership and beneficiary designation request for life insurance policies form, in which the Insured named David as the primary owner and primary beneficiary under the Policy. Later that month, Genworth sent letters to both the Insured and David recognizing these changes, and it also began drafting a bank account in his name for the required premiums. In September 2016, the Insured contacted Genworth, asserted that she did not approve the ownership change in favor of David, and requested copies of various documents regarding the Policy, which Genworth provided to her. To the best of Genworth's knowledge, the Insured did not take any steps at the time to remove David as either the owner of or the beneficiary under the Policy.

---

[1] All subsequent references herein to Genworth include First Colony.

**COMPLAINT IN INTERPLEADER** - Page 2

8. **The 2019 ownership and beneficiary changes.**  On December 4, 2019, Genworth received the Ownership and beneficiary designation request for life insurance policies form, which designated Margaret as the new primary owner, the Insured as the new joint owner, and Margaret as the primary beneficiary.  This form indicated that it was signed by Margaret and the Insured on September 1, 2019, and by David on November 19, 2019.  By letter dated December 6, 2019, Genworth informed David that it was unable to process this ownership change because the new owner's signature had to post-date the current owner's signature.  On December 30, 2019, Genworth received another change form, which again designated Margaret as the new primary owner, the Insured as the joint owner, and Margaret as the primary beneficiary.  This form indicated that it was signed by David on November 19, 2019, and by Margaret and the Insured on November 21, 2019.  The same day it received this form, Genworth received a call from a female, who identified herself as the Insured, inquiring about the status of the ownership change.  By letter dated January 8, 2020, Genworth informed Margaret and David that it had updated its records to make Margaret the owner and beneficiary and the Insured the contingent owner.  The next day, Genworth received a call from a female, who identified herself as the Insured, inquiring about the current payment information and the status of the ownership change request.

9. **David's challenge to the 2019 ownership and beneficiary changes.**  By letter dated January 16, 2020, David asserted that he had not requested a change in either the owner of or beneficiary under the Policy and alleged that any such change request "should be considered fraudulent" and "should be considered a forgery and not my authentic signature."  David thus requested that Genworth ignore the recent changes and restore him as the owner and beneficiary.

10. **Margaret's claim for the Policy proceeds.**  On January 19, 2020, Genworth received the Proof of Loss Claimant Statement-Life Insurance from Margaret, who sought all of

the Policy proceeds, and a copy of the Certificate of Death for the Insured, which indicated that she had died on November 30, 2019.

11.     **The need for interpleader relief.**  In light of David's challenge to the 2019 ownership and beneficiary changes, Genworth cannot pay all or part of the Policy proceeds to any of Defendants without incurring possible multiple liability.  Genworth is a disinterested stakeholder which claims no interest in the Policy proceeds, except for its attorney's fees and court costs.

## CAUSES OF ACTION

12.     **Interpleader.**  Genworth requests the Court to accept the Policy proceeds into its registry and require Defendants, or third parties presently unknown, to interplead their claims to such proceeds.  Contemporaneously with the filing of this Complaint, Genworth has sought leave to deposit the Policy proceeds, together with interest thereon, into the Court's registry.  Genworth also requests the Court to discharge Genworth from all liability to Defendants or any other person with respect to the Policy and the proceeds thereunder.

13.     **Declaratory judgment.**  Genworth further requests the Court to adjudicate whether Defendants or third parties presently unknown are entitled to payment of all or part of the Policy proceeds and to thereafter award the Policy proceeds to the party or parties legally entitled to receive them.  Genworth also requests the Court to discharge Genworth from all liability to Defendants or any other person with respect to the Policy and the proceeds thereunder.

14.     **Attorney's fees.**  Genworth has retained the services of the undersigned attorneys to prosecute this action.  Accordingly, Genworth seeks recovery of all of its reasonable attorney's fees and court costs incurred in this action from the interpled funds.

## REQUEST FOR RELIEF

15.     **Prayer.**  Genworth respectfully requests the following relief:

(a) That Defendants be served with Summons and this Complaint and required to answer in the time and manner prescribed by law;

(b) That the Court accept the Policy proceeds into its registry and thereafter deposit such proceeds into an interest-bearing account, pending further order of the Court;

(c) That the Court enter an order discharging Genworth from all liability to Defendants or anyone else with respect to the Policy and the proceeds thereunder and dismissing Genworth with prejudice;

(d) That the Court award Genworth its reasonable attorney's fees and court costs, to be paid from the interpled funds;

(e) That the Court require Defendants and all other interested parties to interplead their claims to the Policy proceeds and, on final trial, award the Policy proceeds to the party or parties rightfully and legally entitled to receive them; and

(f) That Genworth have all such other and further relief, both general and special, at law and at equity, to which it may show itself justly entitled.

Respectfully submitted,

By: /s/ Andrew C. Whitaker
Andrew C. Whitaker
State Bar No. 21273600
andrew.whitaker@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEY FOR PLAINTIFF
GENWORTH LIFE AND ANNUITY
INSURANCE COMPANY f/k/a FIRST
COLONY LIFE INSURANCE COMPANY